UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALISON M. HALL,<br><br>    Plaintiff,<br><br>    v.<br><br>MARTIN O'MALLEY,<br>COMMISSIONER OF SOCIAL<br>SECURITY,[1]<br><br>    Defendant. | Case No.  1:20-cv-01635-HBK<br><br>ORDER GRANTING MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)[2]<br><br>(Doc. No. 29)<br><br>ORDER FOR CLERK TO MAIL A COPY OF ORDER TO PLAINTIFF |

Jared T. Walker ("Counsel") of the Law Office of Jared T. Walker, PC, attorney for Alison M. Hall ("Plaintiff"), filed a motion seeking attorney's fees pursuant to 42 U.S.C. § 406(b) on April 4, 2024.  (Doc. No. 29).  Plaintiff was served with the motion and advised she had 14 days to object.  (*Id.* at 2).  No opposition has been filed as of the date of this Order.  (*See* docket).  For the reasons set forth below, the motion for attorney's fees is granted in the amount of $18,512.00 subject to an offset of $8,600.00 in fees previously awarded on December 7, 2022, under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d).  (Doc. No. 29).

---

[1] The Court has substituted Martin O'Malley, who has been appointed the Acting Commissioner of Social Security, as the defendant in this suit.  *See* Fed. R. Civ. P. 25(d).

[2] Both parties have consented to the jurisdiction of a magistrate judge in accordance with 28 U.S.C. §636(c)(1).  (Doc. No. 10).

# I. BACKGROUND

On November 17, 2020, Plaintiff brought the underlying action seeking judicial review of a final administrative decision denying Plaintiff's claim for disability insurance benefits under the Social Security Act. (Doc. No. 1). On September 6, 2022, the Court granted Plaintiff's motion for summary judgment and remanded pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. Nos. 19, 23). The Court entered an award of $8,600.00 for attorney fees under the Equal Access to Justice Act ("EAJA") on December 7, 2022. (Doc. Nos. 27, 28).

Upon remand, the Commissioner awarded $74,048.00 in retroactive benefits to Plaintiff.[3] (Doc. No. 29-2 at 1). On April 4, 2024, Counsel filed this motion for attorney's fees in the amount of $18,512.00, with an offset of $8,600.00 for EAJA fees already awarded. (Doc. No. 29). Counsel argues these fees are reasonable because the contingency fee agreement, which Plaintiff signed, permits Counsel to retain 25% of the past-due benefits, and the requested amount is reasonable. (Doc. No. 29; Doc. No. 29-1). Defendant filed no opposition to the request, and the deadline for doing so has passed. *See* Local Rule 230.

# II. APPLICABLE LAW

Attorneys may seek a reasonable fee under the Social Security Act for cases in which they have successfully represented social security claimants. Section 406(b) allows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled . . . .

42 U.S.C. § 406(b)(1)(A). Counsel for a plaintiff may recover attorneys' fees under both 42 U.S.C. § 406(b) and EAJA. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). Counsel, however, must refund to the plaintiff the amount of the smaller fee. *Id.*

Fees in social security cases "are usually set in contingency-fee agreements and are

---

[3] Plaintiff did not provide a citation to this amount in the notice of award; rather, Plaintiff calculates the total amount of past-due benefits by multiplying the 25% of past due benefits amount by four ($18,512.00 x 4). (See Doc. No. 29-2 at 1).

payable from past-due benefits awarded to the claimant." *Biggerstaff v. Saul*, 840 F. App'x 69, 70 (9th Cir. 2020). The fee is not *borne* by the Commissioner. *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009). This provision's purpose is in part to "ensure that attorneys representing successful claimants would not risk nonpayment of [appropriate] fees." *Gisbrecht,* 535 U.S. at 805 (internal quotations omitted). When weighing the adequacy of requested attorney's fees, Courts should respect "the primacy of lawful attorney-client fee agreements." *Id.* at 793. Counsel still bears the burden, however, of showing the requested fees are reasonable. *Id.* at 807. In determining reasonableness, the court may consider the experience of the attorney, the results they achieved, and whether there is evidence the attorney artificially increased the hours worked or the hourly rate charged. *Id.* at 807-808; *Crawford*, 586 F.3d at 1151. Any 406(b) award is offset by attorney fees granted under the EAJA. *Parrish v. Comm'r of Soc. Sec. Admin.*, 698 F.3d 1215, 1219 (9th Cir. 2012)

### III.  ANALYSIS

Here, Plaintiff signed a fee agreement providing, "Client shall pay Jared T. Walker Twenty-five percent (25%) of any and all retroactive benefits the Social Security Administration awards to Client . . . in connection with Client's claim." (Doc. No. 29-1). Counsel was ultimately successful in securing $74,048.00 in retroactive benefits for Plaintiff. (*See* Doc. No. 29-2). In support of this motion, Counsel submitted a time sheet indicating the firm expended 40.58 hours in attorney time on this matter. (Doc. No. 29-3). The time Counsel spent in successfully attaining Plaintiff's benefits does not appear inflated.

Counsel's request for $18,512.00 in fees for 40.58 hours of work results in an hourly rate of $456.18 for the attorney work. (Doc. No. 29 at 4). In 2008, the Ninth Circuit found higher hourly rates reasonable in social security contingency fee arrangements. *Crawford*, 586 F.3d at 1153 (explaining that the majority opinion found reasonable effective hourly rates equaling $519.00, $875.00, and $902.00) (J. Clifton, concurring in part and dissenting in part). More recently, this Court approved an hourly rate of $1,025.22 for paralegal and attorney time. *Mayfield v. Comm'r of Soc. Sec.*, No. 1:16-cv-01084-SAB, ECF No. 24, at 5 (E.D. Cal. March 19, 2020). Based on the foregoing, the Court finds the requested fees of $18,512.00 are reasonable.

*Gisbrecht,* 535 U.S. at 807-08.

An award of attorney's fees pursuant to § 406(b) in the amount of $18,512.00 is, therefore, appropriate. An award of § 406(b) fees, however, must be offset by any prior award of attorneys' fees granted under the EAJA. 28 U.S.C. § 2412(d); *Gisbrecht*, 535 U.S. 796. As Plaintiff was previously awarded $8,600.00 in fees pursuant to the EAJA, Counsel shall refund this amount to Plaintiff.

Accordingly, it is **ORDERED**:

1. Plaintiff's Counsel's motion for an award of attorney's fees under § 406(b) (Doc. No. 29) is GRANTED.
2. Plaintiff's Counsel is awarded $18,512.00 in attorney fees pursuant to 42 U.S.C. § 406(b).
3. Counsel shall refund to Plaintiff $8,600.00 of the § 406(b) fees awarded as an offset for the EAJA fees previously awarded pursuant to 28 U.S.C. § 2412(d) (*See* Doc. No. 28).
4. The Clerk of the Court is respectfully directed to serve a copy of this Order on Plaintiff Alison M. Hall, 5901 Newbrook Circle, Space 114, Riverbank, CA 95367.

Dated:    April 29, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE